A. B. ROBERTSON *v.* GEO. A. ALLEN, Administrator.

1. BILLS AND NOTES. *Principal and Surety. Married Woman.* Though a note given by a wife to a husband is of itself void, yet if the husband endorse it over, it is valid as between him and subsequent endorsers and endorsees.
2. SAME. *Same.* The question of the liability of sureties after an extension of time, and the addition of new security, discussed.

---

FROM DAVIDSON.

---

Appeal from the Circuit Court. EUGENE CARY, Judge.

S. W. CHILDRESS for Robertson.

H. E. JONES for Allen.

DEADERICK, J., delivered the opinion of the Court.

This suit was instituted in July, 1868, in the Circuit Court of Davidson, by Allen, Administrator of Greenfield, against the plaintiff in error, and others. The action was brought upon a promissory note made by W. N. Bilbo's wife, payable to said W. N. Bilbo, and by him endorsed to Robertson, and by him endorsed and delivered to the intestate of Allen. Verdict and judgment were rendered in favor of Mrs. Bilbo, in her own right, and as executrix *de son tort*, of her husband, and against Robertson at January Term, 1869, for

A. B. Robertson *v.* Geo. A. Allen, Adm'r.

$736.25. The Court refusing a new trial, Robertson has appealed in error to this Court. The argument here is that Robertson, as a surety for Bilbo, is discharged because Greenfield, the holder of the note, or his administrator, accepted fresh security, and gave time upon the note. The facts are that W. N. Bilbo deposited stocks and notes with the holder, but there is no evidence that further time was stipulated for, nor when the securities were due, nor what, if anything, was their value. It was also maintained that the note was void because executed by the wife to the husband.

The Court charged the jury that, though a note given by a wife to her husband is of itself void, yet if the husband endorse it over, it is valid as between him and subsequent endorsers and endorsees. There is no error in this. Each endorser is bound to his endorsee, and guarantees the genuinenes and validity of the note, even if it be invalid as between the original parties.

The Court further charged, that, if Bilbo put securities in the hands of the holder, and further time was given for the payment of the note, that fact would discharge Robertson from liability; that in the absence of an express agreement for an extention of time, if the securities were payable at a date subsequent to the maturity of the note, the law would imply an agreement to wait until the securities become due, and Robertson would, in that case, be discharged.

There is certainly no error against plaintiff in error in this. He is treated as, or assumed to be a surety,

and given the benefit of a presumption in his favor, which we are not prepared to hold he was entitled to. At all events there was no error against him, and we affirm the judgment.